Stephen M. **WHITFIELD**, Sr.,
Petitioner—Appellant,

v.

**T.E. VAUGHN**, Warden, Respondent—
Appellee.

No. 05–55387.

United States Court of Appeals,
Ninth Circuit.

Submitted March 18, 2008.*

Filed March 27, 2008.

Stephen M. Whitfield, Sr., Blythe, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Collette C. Cavalier, Esq., Office of the Deputy Attorney General, San Diego, CA, for Respondent–Appellee.

Before: CANBY, T.G. NELSON and BEA, Circuit Judges.

MEMORANDUM **

California state prisoner Stephen M. Whitfield, Sr., appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition, challenging the California Board of Prison Terms' ("the Board") decision denying him parole. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Whitfield contends that the Board violated the Eighth Amendment by rescheduling and canceling his parole hearing dates. We reject this contention because Whitfield's disappointment caused by these delays does not constitute cruel and unusual punishment. *See Baumann v. Arizona Dept. of Corrections,* 754 F.2d 841, 846 (9th Cir.1985).

Whitfield also contends that his hearing was unfair because the Board relied on a psychiatric report that contained false statements. The Board properly reviewed and reached its own conclusions regarding the psychiatric report. *See Powell v. Gomez,* 33 F.3d 39, 41 (9th Cir.1994).

Whitfield further contends that the attorney provided for the hearing was inef-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

fective. We reject this contention because the record establishes that Whitfield was afforded an opportunity to be heard and received a statement of reasons why his parole was denied. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 14–16, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Furthermore, a review of the record establishes that there was "some evidence" to support the Board's decision to deny parole. *See Irons v. Carey*, 505 F.3d 846, 852–53 (9th Cir.2007); *Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1128–29 (9th Cir.2006).

Whitfield next contends that his rights were violated because the Board failed to set a parole hearing within the time frame mandated by California law. In these federal habeas corpus proceedings, we cannot grant relief on contentions that are premised on violations of California law. *See Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990). Whitfield's contention that the failure to set a parole date violated the ex post facto, due process, and equal protection clauses is without merit. *See Connor v. Estelle*, 981 F.2d 1032, 1034 (9th Cir.1992) (per curiam).

We conclude that the California court's rejection of Whitfield's claims was neither contrary to, nor an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1).

**AFFIRMED.**

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.